EDWARD A. DUFRESNE, JR., Chief Judge.
 

 |2This is an appeal by Don and Stacy Ludlow, defendants-appellants, from a default judgment in favor of Nordic Kitchens & Baths, Inc, plaintiff-appellee, in this suit on open account. For the following rea
 
 *949
 
 sons we remand the matter to First Parish Court for a hearing on the peremptory exception of prescription which was raised for the first time in this court.
 

 The pertinent facts are these. Plaintiff sold to defendants a dishwasher and a stove cook top and hood. Invoices show that the sales were on March 19, 2004, and September 25, 2004, respectively. Plaintiff filed suit on open account on January 7, 2008, more than three years after the sales. A default judgment was entered on February 5, 2009. Defendants appealed this judgment and urged in this court a peremptory exception of prescription.
 

 Article 3494(4) of the Civil Code provides that actions on open account prescribe in three years. It is further the law that although the exceptor bears the burden of proof on trial of the exception, where prescription is evident on the face of the pleading the burden shifts to the plaintiff to show that the action has not prescribed.
 
 Carter v. Haygood,
 
 2004-0646 (La.1/19/05), 892 So.2d 1261. ^Finally, La. Code Civ. Pro. Art. 2163 provides that when an exception of prescription in urged for the first time in the appellate court, the plaintiff may demand that the matter be remanded for trial of the exception.
 

 Here, the three year prescription is evident on the face of the pleadings. Plaintiff asserts in brief that prescription has not run, and has requested that the matter be remanded for trial of the exception. We hereby grant that request.
 

 For the foregoing reasons the matter is remanded to First Parish Court for the Parish of Jefferson for trial of the exception of prescription.
 

 REMANDED.